UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BROWN,

    Plaintiff,                    CASE NO: 08-CV-10322

v.                                  DISTRICT JUDGE VIRGINIA A. ROBERTS
                                  MAGISTRATE JUDGE CHARLES E. BINDER

STATE OF MICHIGAN,
THOMAS M. BIRKETT, Warden,
UNITED STATES SIXTH CIRCUIT
 JUDGES, UNITED STATES DISTRICT
JUDGES, MICHIGAN SUPREME COURT
JUDGES, MICHIGAN COURT OF
APPEALS JUDGES, VERA MASSEY JONES,
Wayne Circuit Judge, UNITED STATES
ATTORNEY GENERAL, MICHAEL COX,
MICHIGAN DEPARTMENT OF CORRECTIONS,
STATE APPELLATE DEFENDER OFFICE,
MICHIGAN ASSIGNED APPELLATE
COUNSEL SYSTEM OFFICE, Thomas M. Harp,
Administrator, MICHIGAN PAROLE BOARD,
and ATTORNEY GRIEVANCE COMMISSION,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

## II.     REPORT

### A.     Introduction

Plaintiff Michael Brown is a state prisoner who is currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, under the direction of the Michigan Department of Corrections ("MDOC"). On January 23, 2008, Plaintiff filed this *pro se* civil action. (Compl., Dkt. 1.) Plaintiff filed an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute on that same date. (Dkt. 2.); 28 U.S.C. § 1915(a)(1). Since then, Plaintiff has filed a motion for immediate release (Dkt. 3,) an amended complaint (Dkt. 4,) a motion for leave to file an amended and/or supplemental motion for habeas corpus (Dkt. 5,) a a second amended complaint (Dkt. 6,) and a motion for preliminary injunction and permanent restraining order. (Dkt. 7.) The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) on February 1, 2008. (Dkt. 8.) After having reviewed the dockets and having screened the complaints, I find that the case is ready for Report and Recommendation.

### B.     The Complaint

Plaintiff's "complaint" is actually entitled a "Motion for Sanctions Upon the Office of the Attorney General." (Dkt. 1) His Amended Complaint appears to complain only about lacking sufficient "stationary paper in order to finish completing a fully avered [sic] amended civil rights complaints against the additional defts I need to name to add for recover of additional compensatory and punitive damages money awards" in an apparent attempt to receive an extension of time to amend his complaint. (Dkt. 4.) Plaintiff's motion for leave to file amended complaint states "relation back - history of proceedings in this federal court," lists the history of his underlying criminal case and ends by noting that "[b]ecause Petitioner recognizes that a writ of

habeas corpus is supposed to be separate from a 6.502 motion as a civil action, Petitioner appealed the denial of his habeas relief separately." (Dkt. 5.)[1] Plaintiff's second amended complaint focuses on his right to a competency hearing under Michigan law. (Dkt. 6.) Plaintiff's motion for preliminary injunction challenges withdrawals from his prisoner account which were made to pay legal filing fees. (Dkt. 7.) Plaintiff has previously filed two habeas corpus petitions, E. D. no. 95-40163 was dismissed without prejudice, and E.D. no. 99-73027 was dismissed with prejudice. Plaintiff has also filed several civil rights actions under 28 U.S.C. § 1983, all of which were dismissed for failure to state a claim or for frivolousness, E.D. nos. 93-10371, 95-70182 and 95-72174.

**C.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

---

[1] The "6.502" referenced is, I believe, a reference to Mich. Ct. Rule 6.502 which governs post-appellate motions for relief from judgment.

1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

In addition, the court must consider the "three strikes" provision found in § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Where some claims are dismissed for failure to state a claim and others for failure to exhaust in the same action, that dismissal may properly be counted as a strike. *Pointer v. Wilkinson*, 502 F.3d 369, 374 (6th Cir. 2007).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no authority to act. When determining whether a plaintiff has three prior cases that qualify as

"strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

**D.     Discussion**

Under the PLRA's "three strikes" rule, 28 U.S.C. 1915(g), Nos. E.D. nos. 93-10371, 95-70182 and 95-72174, count as strikes. *Pointer v. Wilkinson*, 502 F.3d 369, 372, 377 (6th Cir. 2007). It is of consequence that at least one of the dismissals occurred before passage of the PLRA. *Wilson, supra.* Therefore, I suggest that Plaintiff could be denied the privilege of proceeding without prepayment of fees and should be required to pay the full filing fee. *Id.* However, irrespective of the application of the "three strikes" provision, for the reasons stated below, I suggest the case be dismissed with prejudice.

First, I suggest that Plaintiff's complaint could be dismissed as I conclude that it is in fact a petition for writ of habeas corpus improperly disguised as a civil rights action. Although it is admittedly somewhat difficult to discern the exact legal nature of Plaintiff's complaints, the bulk of the statements concern his underlying state conviction and the failure to receive a competency hearing therein. (Compl., Dkt. 1, Second Am. Compl., Dkt. 6.) "'Challenges to the unlawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.' An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 2101, 165 L. Ed. 2d 44 (2006)(citations omitted)(holding that challenge to method of execution, not execution itself, could properly be raised in a § 1983 suit); *accord, Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242,

6

L. Ed. 2d (2005)("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus (or appropriate state relief) instead.")(citations omitted)(allowing challenge to parole procedures to proceed under § 1983 because if successful, the plaintiffs would only be entitled to new parole hearings). Since the bulk of Plaintiff's complaints address the lawfulness of his state conviction and should be brought as a habeas corpus petition, I suggest that this case should be dismissed for failure to state a claim upon which relief can be granted under § 1983.

I further note that since Plaintiff has previously filed at least one habeas corpus petition that was dismissed with prejudice, E.D. no. 99-73027 was dismissed with prejudice. Thus, even if this case were construed as a habeas corpus petition, it would be barred. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. 2244(b)(1).

I further suggest that the instant complaint fails to substantively state a claim because it is brought against defendants who are either absolutely immune from suit, are incapable of being sued, or who have not been alleged to have any personal involvement in the matters beyond supervisory authority. The judicial defendants, United States Sixth Circuit Judges, United States District Judges, Michigan Supreme Court Judges, Michigan Court of Appeals Judges, Vera Massey Jones, Wayne County Circuit Judge, are absolutely immune from civil suits for money damages, including § 1983 suits. *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007).

Furthermore, regardless of the form of relief requested, the states and their departments are incapable of being sued because they are immune from suit in the federal courts under the Eleventh Amendment if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465

7

U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *See Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, I suggest that Defendants State of Michigan, Michael Cox, Michigan Department of Corrections, State Appellate Defender Office, Michigan Appellate Assigned Counsel System Office, Michigan Parole Board and Michigan Attorney Grievance Commission are entitled to dismissal as immune under the Eleventh Amendment.

I next suggest that Defendants Thomas M. Birkett, Warden, and United States Attorney General are entitled to dismissal because Plaintiff has not alleged any personal involvement on their part. Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint, however, is not enough to sustain recovery under section 1983. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x 188, 190 (6th Cir. 2004). Furthermore, liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, § 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under § 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). *See also*

8

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In addition, supervisory officials can be held liable for the acts of their subordinates only if Plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of Plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). Plaintiff has not alleged that Defendants Birkett or the United States Attorney General had any knowledge of any facts underlying his claims or that they implicitly encouraged, authorized, approved or acquiesced in any way. Therefore, I suggest that Plaintiff has failed to state a claim against Defendants Birkett or United States Attorney General.

For all the reasons stated above, I suggest Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted and because it seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); 42 U.S.C. § 1997e(c)(1).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: February 8, 2008                   United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Michael Brown by first class mail, and served on U.S. District Judge Roberts in the traditional manner.


Date: February 8, 2008            By     s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder