**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL BROWN,**

        Plaintiff(s),        CASE NUMBER: 08-10322
                                               HONORABLE VICTORIA A. ROBERTS

v.

**STATE OF MICHIGAN,**
**THOMAS M. BIRKETT, Warden,**
**UNITED STATES SIXTH CIRCUIT**
**JUDGES, UNITED STATES DISTRICT**
**JUDGES, MICHIGAN SUPREME COURT**
**JUDGES, MICHIGAN COURT OF**
**APPEALS JUDGES, VERA MASSEY JONES,**
Wayne Circuit Judge, **UNITED STATES**
**ATTORNEY GENERAL, MICHAEL COX,**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**
**STATE APPELLATE DEFENDER OFFICE,**
**MICHIGAN APPELLATE ASSIGNED**
**COUNSEL SYSTEM OFFICE,** Thomas M. Harp,
Administrator, **MICHIGAN PAROLE BOARD,**
**and ATTORNEY GRIEVANCE COMMISSION,**

        Defendant(s).
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On February 8, 2008, Magistrate Judge Charles E. Binder submitted a Report and Recommendation ("R&R") (Doc. #9) recommending that the Court, *sua sponte*, dismiss *pro se* inmate Michael Brown's ("Plaintiff") Complaint with prejudice for failure to state a claim upon which relief may be granted. As an initial matter, the Magistrate found Plaintiff cannot proceed without paying the requisite filing fees because the "three-strikes" provision of 28 U.S.C. §1915(g) applies:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate also found Plaintiff previously filed at least one habeas corpus petition that was dismissed with prejudice. The Magistrate says this Complaint is another habeas corpus petition – not a 42 U.S.C. §1983 action – and is barred under 28 U.S.C. §2244(b)(1): "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." In addition, the Magistrate determined Plaintiff's Complaint should be dismissed because it is against Defendants who are: (1) absolutely immune from suit; (2) incapable of being sued; or (3) not alleged to have any personal involvement in the matter beyond supervisory authority.

Plaintiff filed objections to the R&R on February 15, 2008. (Doc. #10). He contends the Court must waive the filing fees because his case falls under the exception to the "three-strikes" provision. Plaintiff says Defendants assaulted and gassed him when he engaged in a non-violent protest demanding his release. According to Plaintiff, this shows he is under imminent danger of serious physical injury. Plaintiff also contends the Court should construe his Complaint as a 42 U.S.C. §1983 action because that is his only recourse. In addition, 28 U.S.C. §2244(b)(3)(A) says, "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Plaintiff says even if

the Court construes his Complaint as a habeas corpus petition, it must be considered because he has a motion pending in the Sixth Circuit Court of Appeals.

The Court disagrees with Plaintiff's argument that the filing fees must be waived because he is under imminent danger of serious physical injury. Plaintiff only mentions an isolated incident that occurred in the past; he did not establish he was in immediate danger of serious physical injury when his Complaint was filed. *See Wallace v. Amin*, 69 Fed.Appx. 667, 669 (6th Cir. 2003) (stating plaintiff's complaint did not meet the 28 U.S.C. §1915(g) exception because he did not allege any facts to establish he was in imminent danger of serious physical injury when he filed the complaint).

In addition, the Court cannot construe Plaintiff's Complaint as a 42 U.S.C. §1983 action. Plaintiff is seeking immediate release from confinement because he says the State violated his constitutional rights by not holding an incompetence hearing. Habeas corpus is the appropriate remedy under these circumstances. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). And, his petition cannot be considered unless the Sixth Circuit Court of Appeals issues an order authorizing the Court to do so; simply filing a motion is insufficient. *See* 28 U.S.C. §2244(b)(3)(A)-(E).

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED**.

                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: April 3, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Brown by electronic means or U.S. Mail on April 3, 2008.

s/Linda Vertriest

Deputy Clerk